NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

FEB 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GERMAN SALAS CISNEROS,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 21-1114

Agency No.
A092-160-751

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2025**
Pasadena, California

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.

Petitioner German Salas Cisneros ("Salas"), a native and citizen of Mexico,

petitions for review of a decision of the Board of Immigration Appeals ("BIA")

dismissing an appeal from an order of an Immigration Judge ("IJ") denying

cancelation of removal, asylum, withholding of removal, and protection under the

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Salas also petitions for review of the BIA's decision not to address an IJ's 2013 denial of his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252(a). We review legal conclusions de novo and factual findings for substantial evidence. *J.R. v. Barr*, 975 F.3d 778, 781 (9th Cir. 2020). We dismiss Salas's petition for review in part and deny it in part.

1. "In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (citation omitted). Here, the BIA found that although Salas argued that the IJ erred in 2013 by denying his motion to reopen, "the denial of th[at] motion [was] not before the board."

Federal Rule of Appellate Procedure 28(a)(8) requires an opening brief to provide argument which contains, among other things, "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." We have made clear that issues not "specifically and distinctly" argued in the opening brief are forfeited, *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (as amended) (citation omitted), and "[i]ssues raised in a brief that are not supported by argument are deemed abandoned," *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996). Salas's opening brief does not discuss whether the BIA properly declined to address the merits of his motion to reopen. Rather, Salas argues the merits of the underlying denial, asserting that

the IJ made the "erroneous findings that the departure bar prevented him from reopening the deportation proceedings," and that the IJ "did not rule on the issue of whether [his 1994 deportation] resulted in the loss of [his] LPR status." By declining to address the basis of the BIA's decision—that the denial of the motion to reopen was "not before [the] Board"—Salas has forfeited any challenge to the BIA's decision not to address his motion to reopen.

2. Salas argues the IJ erred in denying him a continuance as to his asylum, withholding of removal, and CAT applications. We review the denial of a continuance for abuse of discretion. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). If "an application or document is not filed within the time set by the immigration judge, the opportunity to file that application or document shall be deemed waived." 8 C.F.R. § 1003.31(h). Salas, however, argues that because the IJ did not designate a timeframe, his applications were not untimely.

Salas's argument is belied by the record. On September 19, 2006, the IJ stated "I want applications for relief and pleadings at the next hearing," which was scheduled in 2007. At the 2007 hearing, Salas only filed an application for cancelation of removal. As the BIA found, Salas then "waited over 10 years after the commencement of removal proceedings" to file applications for asylum, withholding, and CAT protection. Salas provides no justification for this delay and nothing in the record shows good cause for it.

3. Salas also argues that the BIA erred in dismissing his related due process argument. We review de novo claims of due process violations. *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022). "The BIA's decision will be reversed on due process grounds if (1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (quotation marks and citations omitted).

As discussed above, Salas was informed that the IJ wanted applications for relief in 2007, but at that time he only applied for cancelation of removal. From 2007 to 2018 when he filed his other applications for relief, Salas had 16 hearings before an IJ; in total Salas had 19 hearings before an IJ over a period of almost 13 years. In each of those hearings Salas was represented by counsel and given a full and fair opportunity to be heard. Indeed, there is no claim that any of the hearings before 2018 violated Salas's due process rights, and Salas does not appear to dispute that he could have filed his applications in any one of those earlier hearings. Thus, Salas's due process rights were not violated. *Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (per curiam) (noting there is no due process violation unless the petitioner has been deprived of "a full and fair hearing of his claims) (citation omitted).

**PETITION DISMISSED IN PART AND DENIED IN PART.**